By the Court.
 

 Two questions are presented for solution:
 

 First, when does the interest begin to run on the refund of the part of legacies received under a will which was set aside; that is to say, does the interest begin to run on the date of the receiving of the money, or does it begin to run from the
 
 *429
 
 date when the will was set aside, or from the date when the demand for its return was made?
 

 The second question is: Does the statute of limitations apply under the facts of this case ?
 

 A majority of the court are not able to reach a common ground upon both of the propositions, yet a majority concur upon each of the propositions separately, and thus a judgment of affirmance, with a modification of the decree of the court below, is reached.
 

 Upon the question as to when the interest begins to run on the refunded portion of the legacies, Marshall, C. J., Robinson, Jones, Day and Allen, J J., are of the opinion that the terms of Section 10609 and Section 10635, General Code, require the construction that interest should be computed from the date when the money was in fact received.
 

 Upon the question whether the statute of limitations applies under the facts of this case by virtue of the provisions of Sections 10876, 10877, and 10878, General Code, Marshall, C. J., Jones, Matthias and Allen, JJ., are of the opinion that those sections of the General Code apply, and that the same constitute a limitation to a recovery upon that feature of the case.
 

 The order of the court, Wanamaker, J., not participating, therefore is that the judgment of the Court of Appeals should be modified to the extent of permitting a recovery of the interest upon the refunded legacies, to be computed from the date of receiving the same, and that the decree of the common pleas court in that regard should have been affirmed by the Court of Appeals, and,
 
 *430
 
 with this modification, the decree and judgment of the Court of Appeals is in all other respects hereby affirmed.
 

 Judgment modified, and affirmed as modified.
 

 Marshall, C. J., Jones and Allen, JJ.; concur.
 

 Bobinson and Day, JJ., concur in part.
 

 Wanamaker, J., not participating.